No. 24,846.

ALFRED EISMAN, *Appellee,* v. HANOVER FIRE INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

FIRE INSURANCE—*Agency of Solicitor of Insurance Established by Evidence.* In an action to recover on a policy of fire insurance, the evidence examined and held sufficient to establish the fact that the person who solicited plaintiff's insurance and negotiated the contract was the agent of the insurance company.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed January 12, 1924. Affirmed.

*William G. Holt, J. K. Cubbison,* and *C. C. Crow,* all of Kansas City, Mo., for the appellant.

*Henry Dean,* of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on a fire insurance policy.

Plaintiff owned a house located on another man's land. He also owned some household goods. The defendant issued to plaintiff a policy insuring plaintiff's house for $400 and insuring his goods for $100.

The house and goods were destroyed by fire. Defendant admitted its liability for the loss of the goods but denied liability for the loss of the house, because the policy, as alleged by defendant, contained a clause providing—

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void . . . if the subject of insurance be a building on ground not owned by the insured in fee-simple."

At the trial the plaintiff testified that one Baxter solicited his patronage for insurance, that he told Baxter he did not own the ground on which the house stood, that Baxter said it was all right, and that pursuant to his transaction with Baxter plaintiff got the insurance policy about six weeks later at the office of one Bigger, the admitted agent of defendant. Bigger testified that whatever Baxter told plaintiff about the policy in question was all right.

The verdict and judgment were for plaintiff; and defendant appeals, contending that the agency of Baxter was not established. We think it was—partly by the testimony of Bigger, and partly by the result. Pursuant to the agreement between Baxter and plaintiff, the policy was delivered to plaintiff some six weeks later by Bigger, which tended strongly to establish Baxter's agency by ratification. (*Ratcliff v. Paul,* 114 Kan. 506, 508, 220 Pac. 279.) Moreover, there was potent evidence inherent in the fact that in the same policy contract negotiated by Baxter, there was a liability for the loss of the household goods which defendant admitted. A jury might well believe that an agent having sufficient authority to bind the defendant on a contract of insurance for $100 for household goods had likewise authority to insure the house for $400, when both obligations were incorporated in a single instrument.

Affirmed.

HARVEY, J., dissenting.